IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEVORIS WILLIAMS-BEY, #213 941, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:17-CV-806-WHA |
| ) | [WO] |
| DR. RAHMING, WILCOTTE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Devoris Williams, an inmate incarcerated at the Donaldson Correctional Facility in Bessemer, Alabama, files this *pro se* 42 U.S.C. § 1983 action alleging a violation of his Eighth Amendment right to adequate medical care and treatment. The named defendant is Dr. Wilcotte Rahming. Williams requests injunctive relief and damages. Doc. 1.

Dr. Rahming argues that Williams' complaint against him is due to be dismissed because Williams failed to exhaust an administrative remedy available to him through the prison system's medical care provider prior to filing this cause of action. Doc. 17 at 6–7; Docs. 17-3, 17-4, 17-5. Dr. Rahming bases his exhaustion defense on Williams' failure to follow the prison medical provider's available administrative procedures regarding the claims presented. *Id.* In addition, Dr. Rahming maintains – and the evidentiary materials, including Williams' medical records, suggest—that Williams received appropriate medical care, treatment, and medication during the time relevant to the matters alleged. Docs. 17-1, 17-2, 17-6.

The court provided Williams an opportunity to file a response to Dr. Rahming's special report in which he was advised, among other things, to "specifically address: 1. Defendant's argument that he [] failed to exhaust his available administrative remedies as required by 42 U.S.C.

§ 1997e(a) of the Prison Litigation Reform Act ("PLRA")… ." and "2. Defendant's assertions that the complaint fails to establish that [he] in any way acted in violation of Plaintiff's constitutional rights." Doc. 18 at 1–2 (footnote omitted). The order advised Williams that his response should be supported by affidavits or statements made under penalty of perjury and other evidentiary materials. *Id.* at 3. This order further cautioned Williams that unless "sufficient legal cause" is shown within ten days of entry of this order "why such action should not be undertaken, the court may at any time [after expiration of the time for his filing a response to this order] and without further notice to the parties (1) treat the special report and any supporting evidentiary materials as a dispositive motion and (2) after considering any response as allowed by this order, rule on the motion in accordance with law." *Id.* at 3–4. Williams has not filed a response to Dr. Rahming's report.

The court will treat Dr. Rahming's special report as a motion to dismiss regarding the exhaustion defense. *See Bryant v. Rich*, 530 F.3d 1368, 1374-1375 (11th Cir. 2008) (internal quotations omitted) ("[A]n exhaustion defense ... is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."); *see also Trias v. Florida Dept. of Corrections*, 587 Fed. App'x 531, 534 (11th Cir. 2014) (District court properly construed defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies... .").

### I. STANDARD OF REVIEW

**A. Exhaustion**

In addressing the requirements of 42 U.S.C. § 1997e concerning exhaustion, the Eleventh Circuit has

> recognized that [t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court. This means that until such

2

> administrative remedies as are available are exhausted, a prisoner is precluded from filing suit in federal court.

*Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1279 (11th Cir. 2001) (citations and internal quotations omitted). Furthermore, the law is well settled that "the question of exhaustion under the PLRA [is] a 'threshold matter' that [federal courts must] address before considering the merits of the case," which cannot be waived. *Myles v. Miami-Dade Cnty. Corr. & Rehab. Dep't.*, 476 F. App'x 364, 366 (11th Cir. 2012) (quoting *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004)).

> When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. If the complaint is not subject to dismissal at this step, then the court should make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Myles*, 476 F. App'x at 366 (citations and internal quotations omitted). Consequently, a district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record." *Trias*, 587 F. App'x at 535. Based on the foregoing, the Eleventh Circuit has rejected an inmate-plaintiff's argument that "disputed facts as to exhaustion should be decided" only after a trial either before a jury or judge. *Id*. at 534.

## II. DISCUSSION

Williams challenges the provision of medical care he received at Kilby regarding a prescription medication prescribed by Dr. Rahming in October of 2016. Doc. 1. In response to this claim, Dr. Rahming asserts this case may be dismissed against him because Williams did not exhaust properly the administrative remedy provided by the institutional medical care provider

prior to filing this complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Doc. 17 at 6–8. As explained, federal law directs this court to treat Dr. Rahming's response as a motion to dismiss for failure to exhaust an administrative remedy and allows the court to look beyond the pleadings to relevant evidentiary materials in deciding the issue of proper exhaustion. *Bryant*, 530 F.3d at 1375.

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81 (2006). Moreover, "the PLRA exhaustion requirement requires proper exhaustion," which

> demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings…. Construing § 1997e(a) to require proper exhaustion … fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage.

4

*Woodford*, 548 U.S. at 90–93. The Supreme Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement … by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him." *Id.* at 83–84; *Bryant*, 530 F.3d at 1378 (holding that prisoners must "properly take each step within the administrative process" to exhaust administrative remedies in accordance with the PLRA); *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (holding that an inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (holding that inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement). "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012).

To support his motion to dismiss for failure to exhaust administrative remedies, Dr. Rahming has submitted affidavits from Darryl Ellis, the Health Services Administrator at the Staton Correctional Facility;[1] Kimberley Griffin, Director of Nursing at the Kilby Correctional Facility; and Teresa Engle, the Health Services Administrator at the Donaldson Correctional Facility.[2] These individuals affirm that the prison medical provider for Alabama Department of

---

[1] The medical staff at Staton provides medical services to inmates incarcerated at the Staton Correctional Facility, the Elmore Correctional Facility, and the Frank Lee Youth Center, and to inmates incarcerated at the Draper Correctional Facility prior to its closure in March of 2018. Doc. 17-3.

[2] Williams underwent an EKG on October 10, 2016, after expressing concern over chest discomfort. At that time Williams was incarcerated at the Draper Correctional Facility. Based on the EKG report, medical staff arranged for Williams' transport to a free world hospital on October 10, 2016, for further evaluation. Hospital staff discharged Williams on October 11, 2016, and he was transported to Kilby. Williams was

Corrections ("ADOC") facilities has a grievance procedure for inmate complaints related to the provision of medical treatment at the facilities, inmates are educated regarding the availability of the grievance process upon their initial orientation process with the ADOC, and inmates may utilize this administrative remedy to voice complaints regarding any medical treatment sought or received during their incarceration. The grievance process is initiated when an inmate submits a medical grievance form to the Health Services Administrator ("HSA") or the Director of Nursing ("DON") or their designee through the institutional mail system. The HSA or DON reviews and answers the grievance within 10 days of receipt of the medical grievance.[3] The second step of the grievance process is submission of a medical grievance appeal, at which time the inmate may be brought in for a one-on-one communication with a provider on the medical staff, the HSA, or the DON. A written response to the medical grievance appeal is provided to the inmate within approximately 10 days of receipt. Doc. 17-2 at 5–6.

Mr. Ellis as HSA at Staton, Ms. Griffin as DON at Kilby, and Ms. Engle as HSA at Donaldson, handle inmate grievances regarding their medical care. These administrators affirm that, during his incarcerations at Draper, Kilby, and Donaldson, Williams either has not submitted a medical grievance regarding the provision of his medical care made the subject matter of his complaint or has failed to exhaust properly the available administrative remedy regarding the challenge to his medical care and treatment. Docs. 17-3, 17-4, 17-5.

The court granted Williams an opportunity to respond to the exhaustion defense raised by Dr. Rahming in his motion to dismiss. Williams has failed to fil a response. The court, therefore,

---

transferred back to Draper on October 14, 2016. On November 25, 2016, prison officials transferred Williams to Donaldson. Doc. 17-2.

[3] The written response to a medical grievance is included on the bottom portion of the same form containing an inmate's medical grievance. Doc. 17-5 at 5–6.

finds that a grievance system is available for Williams' claim, but he has failed to exhaust the administrative remedy available to him. Williams does not dispute the failure to exhaust the grievance procedure regarding the provision of his medical care as challenged, and the unrefuted record before the court demonstrates that he failed to exhaust the administrative remedy available to him through the institutional medical provider regarding his allegation of inadequate medical care prior to seeking federal relief, a precondition to his proceeding in this court on his claims. Dr. Rahming's motion to dismiss for failure to exhaust is due to be granted. *Woodford*, 548 U.S. at 87-94.

### III. CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendant's motion to dismiss (Doc. 17) be GRANTED to the extent that Defendant seeks dismissal of this case due to Plaintiff's failure to exhaust properly an administrative remedy prior to filing this case;

2. This case be DISMISSED without prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for Plaintiff's failure to exhaust properly an administrative remedy before seeking relief from this court.

3. No costs be taxed.

It is

ORDERED that **on or before May 10, 2019**, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 26th day of April, 2019.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge